BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1906.

---

WESTERN ASSURANCE COMPANY of Toronto, Appellant, v. JAMES T. WALDEN et al., Respondents.

Kansas City Court of Appeals, March 5, 1906.

INDEMNITY BOND: Pleading: Consideration. An indemnity bond was given on one day to secure an insurance company from paying the policy, the proceeds of which were claimed by another party. On the next day the other party brought suit against the assured and garnisheed the insurer who a day or two later paid the loss to the assured. *Held*, a petition setting up these facts stated a cause of action and the bond had a sufficient consideration since it indemnified against existing claims or such as might thereafter be made.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED.

*Fyke & Snider* for appellant.

(1) An indemnity contract is an agreement between two or more parties whereby one agrees to indemnify and save harmless the other from loss or dam-

age in connection with some particular transaction, or to protect him against liability to or the claim of a third person. 16 Am. and Eng. Ency. of Law (2 Ed.), 168. It was expected by all parties that the Arkansas Mining Company would take some action to hold or recover the money, and on March 28th, the day after the bond was signed, and before the money was paid Walden & Tarr, the Arkansas Mining Company did take legal steps to impound and recover said money, and under that proceeding to which Walden & Tarr were parties and of which they had full notice, plaintiff was compelled to again pay the money. (2) The consideration for the contract was sufficient. A valuable consideration has been defined to be a benefit to the party promising, or to a third person at his request, or an inconvenience, loss or injury, or the risk of it to the party promised. Green v. Higham, 161 Mo. 337. (3) An indemnity against claims, embraces any claims, whether valid or otherwise which may subject the party indemnified to costs, delay or expenses. Ins. Co. v. Watson, 59 N. Y. 390; 6 Am. and Eng. Ency. of Law (2 Ed.), p. 722.

*H. W. Currey* and *Thomas & Hackney* for respondents.

(1) It appears from the face of the plaintiff's petition that there was no consideration for the giving of the bond to the plaintiff. The insurance policy was issued by the plaintiff to Walden & Tarr, the loss was admitted and adjusted and it had been agreed that the loss would be paid to Walden & Tarr, and the bond recited that the loss had been that day paid. A contract entered into with a party to induce him to do what he had previously agreed to do, or to pay money which was admitted to be due, is without consideration. Lingfielder v. Brewery Co., 103 Mo. 578; Wear Bros. v. Smeltzer, 92 Mo. App. 314; Wideman v. Brown, 83 Mich.

241; Railroad v. Morley, 45 Mo. App. 304; Swaggard v. Hancock, 25 Mo. App. 597; Koerper v. Investment Co. 102 Mo. App. 543; Peck v. Harris, 57 Mo. App. 467; 1 Beach on Modern Law Contracts, sec. 165. (2) The assumption of threatened danger or liability which has no foundation in law or in fact is not a sufficient consideration for a promise upon which an action can be maintained. Cabot v. Haskins, 3 Pick. (Mass.) 83; 16 Am. and Eng. Ency. Law, pp. 173-174; Warwick v. Hutchinson, 45 N. J. Law 61.

ELLISON, J.—Plaintiff was given an indemnifying bond by defendants. This action was brought on that bond. Defendants demurred to the petition on the ground that it did not state a cause of action, and the demurrer was sustained by the trial court.

The petition alleges that it issued to defendants its policy of insurance in the sum of $1,000 insuring defendants' building from loss by fire. That, during the life of said policy, a fire occurred damaging defendants to the full amount of the policy, which sum was adjusted between them. That after the fire the Arkansas Mining Company claimed that defendants owed it $2,500 and that it had an equitable lien on said insurance money, and notified plaintiff not to pay it to defendants, and was threatening to bring suit against the plaintiff therefor. That, on March 28, 1900, said Arkansas Mining Company commenced a suit by attachment in the circuit court of Cook county, Illinois, against defendants for said sum of $2,500, and on that day had this plaintiff garnisheed therein, and that such action was threatened at the time the claim of defendants against plaintiff for their fire loss was adjusted. That for the purpose of inducing plaintiff to pay them their fire loss, defendants (and sureties) on the 27th day of March, 1900, executed the indemnifying bond in suit, whereby they agreed and bound themselves at all times hereafter to

save, defend, keep harmless and indemnify plaintiff against any claim, which has, or may be hereafter made against plaintiff in, or in connection with the policy, or any money payable thereunder, and from all costs, etc., connected therewith. That in consideration of said indemnifying bond and by reason thereof, plaintiff, on the 12th of April, 1900, paid over to defendants the said fire loss of $1,000. That afterwards, on May 29, 1900, in the action brought by the Arkansas Mining Company against defendants in Cook county, Illinois, judgment was rendered against defendants for $2,500, and against this plaintiff on the garnishment for $1,000, which plaintiff was compelled to and did pay on July 3, 1900.

The ground of demurrer was that the petition did not state facts sufficient to constitute a cause of action. There are several reasons stated by counsel in support of their contention that no cause of action is stated. The principal one is that the petition shows there was no consideration supporting the obligation of the bond. It is said that the bond was executed on the 27th of March and that plaintiff was not garnisheed until the next day. If we concede that the bond was without consideration on the day it was executed, in that that had not then transpired (the garnishment) which made it hazardous for plaintiff to pay the money to defendants, yet the bond contemplates a condition which may come to pass in the future. It indemnified plaintiff against existing claims, or such as might thereafter be made. We are of the opinion that plaintiff being garnisheed the next day after the date of the bond, and defendants accepting the money several days thereafter, must be held to have accepted it under the terms and conditions of the bond and that, under the allegations of the petition, they and their sureties are liable.

We are not satisfied with any of the various suggestions made in support of the demurrer and hence reverse the judgment and remand the cause. All concur.